IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| JULIE D. DODD , and | ) | |
| ELSIE FRANCINE ARMSTRONG | ) | |
| individually, and on Behalf or other | ) | |
| similarly situate employees, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No.: |
| | ) | |
| SWIFT TECHNICAL SERVICES LLC., | ) | **CLASS REPRESENTATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **COMPLAINT**

COME NOW, JULIE D. DODD and ELSIE FRANCINE ARMSTRONG, (hereinafter "Plaintiffs"), individually and on behalf of other similarly situate employees of SWIFT TECHNICAL SERVICES LLC. by and through counsel of record, and brings this collective action Complaint ("the Complaint") against SWIFT TECHNICAL SERVICES LLC.(hereinafter "Defendant") and allege, upon personal belief as to themselves and their own facts and as for all other matters upon information and belief, and/or based upon investigation made by the counsel, as follows:

## **NATURE OF THE ACTION**

1.  Plaintiffs bring this Complaint contending that Defendant failed to properly pay overtime compensation to Staging Leads, or other similar titled positions, that they have employed as required by the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("the FLSA").

2.  Plaintiff, JULIE D. DODD , was employed by the Defendant as a Staging Lead in Pensacola, Florida.

3.      Plaintiff, ELSIE FRANCINE ARMSTRONG, was employed by the Defendant as

a Staging Lead in Pensacola, Florida.

4.      During their employment with the Defendant, Plaintiffs and Defendant's other

Staging Leads regularly worked more than forty (40) hours per week, but were

not properly compensated for the hours over forty (40) as required by the FLSA.

5.      As a result of the Defendants' improper and willful failure to pay its Staging

Leads in accordance with the overtime requirements of the FLSA, Plaintiffs and

Defendants' other Staging Leads have suffered damages.

6.      The Plaintiffs bring this action to seek redress for the Defendant's improper

conduct.

## JURISDICTION

7.      This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C.

§219(b), which provides that suit under the FLSA "may be maintained against

any employer...in any Federal or State court of competent jurisdiction."  Id.

8.      In addition, this Court has federal question jurisdiction over this action pursuant

to 28 U.S.C. §1331.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because

Defendant does business within this District.  In addition, a substantial part of the

events and omissions giving rise to the claim pleaded in this Complaint occurred

within this District.

## PARTIES

10.     Plaintiff, JULIE D. DODD, is a resident of Pensacola, Escambia County, Florida and worked as a Staging Lead for the Defendant in Pensacola, Escambia County, Florida during the past two (2) years.

11.     Plaintiff, ELSIE FRANCINE ARMSTRONG, is a resident of Pensacola, Escambia County, Florida and worked as a Staging Lead for the Defendant in Pensacola, Escambia County, Florida during the past two (2) years.

12.     The Plaintiffs are employees within the meaning of the FLSA.

13.     The Defendant, SWIFT TECHNICAL SERVICES LLC., is a Texas Corporation and transacts business in this State.   Defendant was a contractor who was performing work for British Petroleum (BP) as part of the Deep Water Horizon disaster/clean-up.   Defendant hired, supervised and paid employees who were performing work as part of the Deep Water Horizon clean-up in various states in the Southeast United States. Plaintiffs worked for the Defendant as part of the Deep Water Horizon clean-up project.

14.     Defendant supervised or has operational control over the Plaintiffs and other Staging Leads who were working as said clean up project.

15.     The Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

16.     The Defendant's operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendant constitutes a single and/or joint employer under the law.

17.      Any person who now works as an Staging Lead or who has worked as a Staging Lead at any time during the three (3) year period immediately preceding the filing

3

of this Complaint (hereinafter "violation period"), is or was employed by the Defendant for purposes of the FLSA.  The Defendant is therefore liable for any unpaid wages to which any such Staging Lead may be entitled under the FLSA.

18.     Plaintiffs bring this action on behalf of theirselves and other Staging Leads pursuant to 29 U.S.C. §216(b).

19.     Plaintiffs and other Staging Leads have been employed by the Defendant and have regularly worked in excess of forty (40) hours per week without proper overtime compensation.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiffs bring this case as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorney's fees and costs, and damages owed to Plaintiffs and all similarly situated employees of Defendant.

21.     Plaintiffs and members of the class are all current or former "Staging Leads", or other similarly titled position, who were employed by the Defendant, and were not paid one and one half (1 ½) times their regular rate of pay for each for every hour that they worked over forty (40) hours in any work week.

22.     The majority of the Staging Leads were paid at least fifty dollars ($50.00) per hour, but some of the Staging Leads were paid less than fifty dollars ($50.00).

23.     The Staging Leads that were paid at least fifty dollars ($50.00) per hour or more were not properly paid overtime compensation at the rate of one and a half (1 ½) times their regular rate of pay for each for every hour that they worked over forty (40) hours in any work week.

24.     Based on information  and belief, the Staging Leads that were paid less than fifty

dollars ($50.00) per hour were paid overtime at the rate of one half (1 ½) times

their regular rate of pay for every hour that they worked over forty (40) hours in

any work week.

25.     The Defendant classified the Staging Leads that made at least fifty dollars

($50.00) per hour or more as "exempt" employees under the FLSA.

26.     The Plaintiffs and members of the class were required to work in excess of forty

(40) hours per week and were not properly paid overtime wages.

27.     All Staging Leads shared similar duties.

28.     The class of similarly situate persons on whose behalf the case is brought

(hereinafter "class") consists of:

> All persons who are currently, or who were, employed during the
>
> three (3) year period immediately preceding the filing of this
>
> Complaint in the position of "staging lead", or other similarly titled
>
> position, for the Defendant, either directly or through one of its
>
> subsidiaries or affiliated companies, who were paid at least fifty
>
> dollars ($50.00) per hour or more, who worked overtime during
>
> any given week within the period, and who have not filed a
>
> complaint to recover overtime wages.

29.     Plaintiffs estimate that there are over 75 members of this class.  The precise

number of class members can be easily ascertained by the Defendant.  The

members of the class can be identified and located by using the Defendant's

payroll and personnel records.  Given the composition and size of the class,

members of the class may be informed of the pendency of this action by direct

mail.

30.     This action is properly maintained as a collective action because Plaintiffs are

similarly situated to members of the class with respect to the overtime violations

alleged in this Complaint.

31.     Plaintiffs request that this Court authorize Notice to the members of the class to

inform them of the pendency of this litigation and their right to "opt in" to this

lawsuit pursuant to 29 U.S.C. §216(b) for the purpose of seeking unpaid overtime

compensation, liquidated damages under the FLSA, and other relief requested

herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

32.     During the violation period, the Plaintiffs and other similarly situated "Staging

Leads" regularly worked in excess of forty (40) hours per week without receiving

the proper overtime compensation due them.

33.     Defendant knew and was aware at all times that the Plaintiffs and other similarly

situated  "Staging Leads" regularly worked more than forty (40) hours per week

without overtime compensation.

34.     This practice violated the provisions of the FLSA, see 29 U.S.C. §207.  As a

result of the Defendant's unlawful practice, Plaintiffs and members of the class

suffered unpaid wages.  The Defendant knew, or showed reckless disregard for

the fact, that its failure to pay its Staging Leads overtime compensation was in

violation of FLSA.

6

35.   Defendant manages/managed the work of Plaintiffs and other class members, including the type of work performed, the amount of hours worked, and dictated, controlled, and ratified the wage and hour and all related employee compensation policies of the Defendant.

36.   The Defendant's wage and hour practices and policies are uniform and disseminated by senior management.

37.   The Plaintiffs and members of the class were not paid a salary.

38.   The Plaintiffs and members of the class did not customarily and regularly direct the work of two (2) or more other employees.

39.   The Plaintiffs and members of the class did not customarily and regularly direct the work of two (2) or more other employees at least 80% of the time that the Staging Lead worked.

40.   A Staging Lead cannot hire or fire employees.

## COUNT I

## FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 *et seq* UNPAID WAGES/OVERTIME

41.   Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

42.   Section 207(a)(1) of the Fair Labor Standards Act states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

43.   Plaintiffs and other similarly situated "Staging Leads" regularly worked more than forty (40) hours per week during the violation period, but were not paid overtime, in violation of the FLSA.

44.     The Defendants willfully failed to pay overtime wages and other benefits to

Plaintiffs and other similarly situated  "Staging Leads" as required by Section

207(a)(1) equal to 1.5 times the employee's regular rate of pay for all hours in

excess of forty (40) hours per week.

45.     The foregoing actions of the Defendant violated the FLSA.

46.     The Defendant's actions were willful and not in good faith.

47.     The Defendant's are liable to Plaintiffs and other members of the class for actual

damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. §216(b),

as well as reasonable attorney's fees, costs, and expenses.

## JURY DEMAND

Plaintiffs and members of the class hereby demand a trial by jury as to all issues so

triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of the class pray that this Court enter Judgment

on this Complaint in their favor, and:

a.      Certify this action as a collective action pursuant to 29 U.S.C. §216.(b) and certify

the class as set forth above; and

b.      Order Defendant to file with this Court, and furnish to Plaintiffs' counsel, a list of

all names and addresses of all Staging Leads who worked for the Defendant

during the violation period and authorize Plaintiffs' counsel to issue Notice to

those persons at the earliest possible time informing them of the filing of this

action, the nature of this action, and of their right to "opt in" to this suit if they fall

within the class definition; and

8

c.      Adjudicate and declare that Defendant's conduct as set forth above violated the FLSA; and

d.      Adjudicate and declare that Plaintiffs and other Staging Leads are entitled to overtime compensation for hours worked in excess of forty (40) hours per week; and

e.      Adjudicate and declare that Defendant violated the FLSA by failing to Plaintiffs and other similarly situated Staging Leads for their hours worked in excess of forty (40) hours per week;

f.      Award Plaintiffs and members of the class overtime wages in an amount consistent with the FLSA;

g.      Award Plaintiffs and members of the class liquidated damages in accordance with the FLSA;

h.      Award Plaintiffs reasonable attorney's fees and all costs in this action, to be paid by Defendant, in accordance with the FLSA;

i.      Award pre and post-judgment interest and court costs as further allowed by law;

j.      Grant Plaintiffs and members of the class leave to amend to add additional Plaintiffs by motion, the filing of written consent forms, or any other method of proof by the Court;

k.      Provide any additional general and equitable relief to which Plaintiffs and the members of the class may be entitled; and

l.      Provide any such other and further relief as this Court may deem just, equitable, and proper.

Dated this ___day of May, 2011

Respectfully submitted,

/s/  JEREMIAH J. TALBOTT

_____

JEREMIAH J. TALBOTT
Law Office of Jeremiah J. Talbott, P.A.
245 East Intendencia Street
Pensacola, Florida 32502
(850) 437-9600
Fla. Bar No. 015484
Attorney for Plaintiffs